92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dewey R. WOTRING, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 96-3137.
 United States Court of Appeals, Federal Circuit.
 July 12, 1996.
 
 Before NEWMAN, MAYER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dewey R. Wotring petitions for review of the December 15, 1995 final decision of the Merit Systems Protection Board, Docket No. SL0752950260I-1, dismissing his appeal for lack of jurisdiction on the ground that his retirement was voluntary. Because the board did not err in determining that Wotring's retirement was voluntary, we affirm.
 
 DISCUSSION
 
 2
 The Department of Justice, Immigration and Naturalization Service ("the agency"), employed Wotring as the Officer in Charge at the agency's office in Louisville, Kentucky. On May 2, 1994, Kenneth Rath, Executive Associate Commissioner, issued a memorandum announcing an opportunity for certain employees to apply for voluntary separation incentive payments ("VSIPs") from May 9, 1994 through May 20, 1994. In his memorandum, Rath stated that "[a]lthough we hope we will be permitted to offer VSIPs again early in Fiscal Year 1995, there is no assurance we will be able to do so." In a November 30, 1994 memorandum, Rath provided an update to the prospect of future VSIPs, acknowledging that there was speculation regarding whether the agency would offer VSIPs in 1995 and stating that its request for authority to offer VSIPs in 1995 had been denied. Rath issued a memorandum dated December 21, 1994 again stating that the agency's request to offer VSIPs in 1995 had been denied.
 
 
 3
 On December 27, 1994, Wotring applied for retirement. His application was approved, and he retired effective January 3, 1995. On January 13, 1995, the agency received authority to offer additional VSIPs. Rath subsequently issued a memorandum informing the employees that the previous denial of authority to offer VSIPs had been reversed and that certain employees could apply for VSIPs from February 7, 1995 through March 7, 1995.
 
 
 4
 Wotring submitted a request to retroactively retire with a VSIP. His request was denied, and he appealed to the board. Wotring argued that his retirement was involuntary because it was based upon misleading information provided to him by the agency. In an initial decision, an administrative judge ("AJ") found that the agency had not provided Wotring misleading information and that Wotring's retirement was therefore voluntary. Accordingly, the AJ dismissed his appeal for lack of jurisdiction. Wotring now petitions for review by this court.
 
 
 5
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 6
 On appeal, Wotring argues that the agency provided him with misleading information. He argues that the agency had the authority to offer VSIPs, meaning that it did not need approval, and that it expected to offer VSIPs in 1995. As support, he cites two e-mail messages and a document recording a conversation as evidencing material information withheld from him by the agency. Therefore, he argues that his retirement was not voluntary because, had the agency provided him with this information, he would not have retired; rather, he would have waited until he expected the agency to offer VSIPs in 1995.
 
 
 7
 The record reflects, however, that the agency provided Wotring with the best available information regarding the VSIPs. The e-mail messages and document recording a conversation evidence speculation regarding whether the agency might have the authority to offer VSIPs. The agency was not required to provide Wotring with speculation. While it is unfortunate for Wotring that the agency received authority to offer VSIPs after he retired, the agency provided him with the best information it had regarding the availability of VSIPs at the time he voluntarily retired. The board thus did not err in finding that his retirement was voluntary as he failed to prove that the agency provided him with misleading information. Accordingly, the board's decision dismissing Wotring's appeal was supported by substantial evidence and was not contrary to law.